Rose, C. J.,
with whom Maupin and Gibbons, JJ., agree, concurring in part and dissenting in part:
I concur with my colleagues in concluding that appellant Michael Rippo’s claims of ineffective assistance of counsel have no *1099 merit. I also concur with Justice Hardesty in his lead opinion that this court’s holding in McConnell v. State,[1] which forbids basing an aggravating circumstance on a felony that also serves as a predicate for felony murder, applies here and that three aggravators must be struck. I dissent, however, from his conclusion that reweighing the aggravating and mitigating circumstances is feasible and that the error in the jury instruction regarding mitigating circumstances was harmless.
Even assuming that the bulk of the State’s case in aggravation remains after striking the three felony aggravators and that the mitigating evidence was not weighty, it is not certain beyond a reasonable doubt that the misinstructed jury would have found Rippo death eligible absent the felony aggravators.
Instruction No. 7 informed the jurors that “[t]he entire jury must agree unanimously, however, as to . . . whether the mitigating circumstances outweigh the aggravating circumstances.” This is definite error. This court, relying on Supreme Court case law, has stated: “In a capital case, a sentencer may not be precluded from considering any relevant mitigating evidence. This rule is violated if a jury believes that it cannot give mitigating evidence any effect unless it unanimously agrees that the mitigating circumstance exists.”[2] Nevertheless, my colleagues deem the error harmless despite the jury’s consideration of three invalid aggravating circumstances and reweigh the evidence presented at the penalty hearing. This course is misguided.
Before reweighing, we must fully heed the United States Supreme Court’s opinions “emphasizing the importance of the sentencer’s consideration of a defendant’s mitigating evidence.”[3] And “[i]n some situations, a state appellate court may conclude that peculiarities in a case make appellate reweighing or harmless-error analysis extremely speculative or impossible.”[4] Here, the error in instructing the jury regarding its consideration of mitigating circumstances renders reweighing too speculative. Contrary to the argument in the lead opinion, the accurate language in the jury instruction did not serve to correct the error inherent in the inaccurate language.
Given that a reasonable juror could have been misled to believe that mitigating circumstances he or she individually found could have no effect without the consensus of the entire jury, I cannot conclude that the effect of three invalid aggravators on the jury’s decision was harmless beyond a reasonable doubt. Remand to the *1100 district court for a new penalty hearing is required, and I therefore must dissent.

 120 Nev. 1043, 102 P.3d 606 (2004).

 Jimenez v. State, 112 Nev. 610, 624, 918 P.2d 687, 695 (1996) (citing Mills v. Maryland, 486 U.S. 367, 374-75 (1988)).

 Clemons v. Mississippi, 494 U.S. 738, 752 (1990).

 Id. at 754.